UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**UNITED STATES OF AMERICA**
        Plaintiff
v.

**Ralph Joseph Thunder, Jr.**
        Defendant

Case Number 03-CR-141

USM Number 10934-041
Social Security Number 1238
Date of Birth 1965

**Paul Engh**
Defendant's Attorney

_____

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** was found guilty on Counts 1, 2, and 5 of the Second Superseding Indictment after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1151, 1153, 2241(c) | Aggravated Sexual Abuse | | 1, 2, 5 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on Counts 4, 6, 7, and 8.

The remaining Counts of the Second Superseding Indictment were dismissed at or before trial on motion by the government.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

October 29, 2004

S/James M. Rosenbaum
James M. Rosenbaum
United States Chief District Judge

November 2nd, 2004

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **400 months**. **Defendant is to be given credit for time served.**

The Court makes the following recommendations to the Bureau of Prisons:

1. That the defendant participate in the 500-hour Comprehensive Drug Treatment Program or any similar drug treatment program available.

2. That the defendant be incarcerated in **Sandstone, or** a federal facility as close to **Minnesota** as possible.

The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of _____ _____

_____
UNITED STATES WARDEN

By:_____

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the probation officer. The probation officer will provide the state officials with any and all information, including substance abuse and mental health treatment records, required by the state sex offender registration agency. The probation officer may direct the defendant to report to that agency personally for additional processing, such as photographing, fingerprinting, and providing a blood sample for DNA record.

2. The defendant shall comply with all federal, state, and local laws.

3. The defendant shall abide by the standard conditions of supervised release as recommended by the sentencing commission.

4. The defendant shall participate in sex offender and/or mental health treatment as approved by the probation officer and shall submit to risk assessment and any further appropriate treatment called for by the therapist approved in advance by the probation office.

5. The defendant shall have no contact with the victims B.F.T. and A.K.S. (including letters, communication devices, audio, or visual devices, visits, or any contact through a third party) without prior consent of the probation officer. The defendant also may not receive communications from these individuals unless they are screened by the probation officer.

6. The defendant shall not associate with persons under the age of 18 except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer.

7. The defendant shall undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

8. The defendant shall cooperate in the collection of DNA as approved by the probation officer and mandated pursuant to 18 U.S.C. §§ 3563(a) and 3583(d).

9. The defendant shall abstain from the use of alcohol and other intoxicants

10. The defendant shall participate in a program for drug and alcohol abuse as approved by the probation officer. That program may include testing and inpatient and or outpatient treatment, counseling, or a support group.

11. The defendant shall reside for a period of 180 days in a community corrections center as approved by the probation officer and shall observe the rules of that facility.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$300** | | |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that:

## FINE

No fine imposed.

## RESTITUTION

The determination of restitution is deferred for a period of ninety days, at which time a hearing will be held (if necessary) to determine appropriate restitution.